**Peter McNIERNEY, Plaintiff,**

v.

**LONG ISLAND RAILROAD COMPANY, Defendant.**

No. 02 Civ. 4979(RLE).

United States District Court, S.D. New York.

April 23, 2003.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is a motion *in limine* by the Long Island Railroad Company ("LIRR") to exclude from evidence pictures of the scene of the accident which Peter McNierney ("McNierney") intends to produce at trial. For the following reasons, the motion is **DENIED**.

### II. BACKGROUND

McNierney filed this action on June 27, 2002, under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*. *See* Complaint ¶ 1. McNierney was employed by LIRR as a signal foreman. *Id*. at ¶ 3. On January 29, 2002, McNierney was injured while working at the LIRR headquarters in Garden City, New York. *Id*. at ¶ 5. Some time before March 29, 2002, McNierney, accompanied by

John Hogan ("Hogan"), an investigator for plaintiff's counsel, entered the scene of the accident and took photographs. *See* Defendant's Letter Brief dated March 6, 2003 ("Def.Br.") at 1. The photographs were marked for identification at McNierney's deposition on January 10, 2003. *Id*. LIRR brought the instant motion to exclude the photographs from trial because they were taken outside of the scope of discovery without permission of the defendants.

### III. DISCUSSION

During the discovery process, if a party wishes to enter the premises of an opponent to gather evidence for a lawsuit, the party is governed by Federal Rule of Civil Procedure 34(a)(2). The rule mandates that a request be served on the opponent seeking permission to enter the premises. However, the rule contemplates governing conduct once an action has been instituted. In the case before the Court, however, LIRR complains of conduct before the action was commenced. Rule 34(a)(2) does not contemplate pre-action discovery. Perhaps the only Federal Rule of Civil Procedure which does contemplate some form of pre-action discovery is Rule 27(a), which allows for pre-action depositions in certain cases. New York's C.P.L.R. § 3102(c) also allows for pre-action discovery, but only upon issue of a court order after an application to the court has been made. However, in either case, if the pre-action discovery is done without approval of the court, the sanction of exclusion, especially where the evidence is relevant and would inevitably have been discovered, is far too extreme. LIRR has found no support within this Circuit for their position. Therefore, LIRR's motion to exclude the photographs from evidence is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Long Island Railroad Company.'s motion to exclude is **DENIED**.